**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 29, 2019

LETTER TO COUNSEL

      RE:    *Kim P. v. Commissioner, Social Security Administration*;
                Civil No. SAG-18-2056

Dear Counsel:

      On July 6, 2018, Plaintiff Kim P. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 15, 19, 20. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Plaintiff filed her claim for benefits on December 3, 2013, alleging an onset date of January 31, 2013. Tr. 257-65. Her claim was denied initially and on reconsideration. Tr. 98-101, 111-12. A hearing was held on June 6, 2017, before an Administrative Law Judge ("ALJ"). Tr. 34-65. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 15-27. The Appeals Council declined Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

      The ALJ found that, during the relevant time frame, Plaintiff suffered from the severe impairments of "Fibromyalgia, Arthritis, Bipolar Disorder, Obsessive Compulsive Disorder (OCD), Anxiety Disorder, Eating Disorder and Migraine Headaches." Tr. 17. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except occasional stooping, crouching, kneeling, crawling, balancing and climbing stairs and ramps, and no climbing ladders, ropes or scaffolds. She can understand, remember and carry out simple instructions and can perform simple, routine tasks in a work environment free of fast-paced production requirements; she is able to remain on task with scheduled breaks; she can have occasional changes in work setting and occasional required interaction with the public, supervisors and co-workers.

Tr. 20. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy. Tr. 26-27. Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. Tr. 27.

Plaintiff raises two primary arguments on appeal: (1) that the ALJ erred by failing to properly consider Plaintiff's diagnosis of fibromyalgia; and (2) that the ALJ's RFC assessment was flawed and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). I agree that the ALJ's analysis of Plaintiff's fibromyalgia was inadequate, and I therefore grant remand under sentence four of 42 U.S.C. § 405(g). In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Social Security Ruling ("SSR") 12-2p, which became effective on July 25, 2012, governs the evaluation of fibromyalgia in disability claims. *See* SSR 12-2p, 2012 WL 3104869 (July 25, 2012). The ruling provides two sets of criteria to establish fibromyalgia based on criteria developed by the American College of Rheumatology. *Id.* at *2-3. The first set of criteria is distinguished by the presentation of "positive tender points" among eighteen "tender point sites" throughout the body. *Id.* The second set of criteria requires a history of widespread pain, repeated manifestation of six or more fibromyalgia symptoms or co-occurring conditions, and the exclusion of other disorders that could cause the same symptoms such as rheumatologic disorders, myofascial pain syndrome, and chronic Lyme disease. *Id.* at *3. The ruling specifically states that the ALJ "cannot rely upon the physician's diagnosis alone." The ruling also emphasizes consideration of the "longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" *Id.* at *6. Additionally, courts have noted that fibromyalgia is difficult to corroborate through specific objective findings. *See, e.g.*, *Gavigan v. Barnhart*, 261 F. Supp. 2d 334, 340 (D. Md. 2003) (noting that fibromyalgia "poses particular challenges to credibility analyses due to the limited available objective medical evidence."); *Green-Younger v. Barnhart*, 335 F.3d 99, 108-09 (2d Cir. 2003) (noting that for fibromyalgia patients "physical examinations will usually yield normal results—a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions.") (citation omitted).

Here, the ALJ found that Plaintiff's fibromyalgia was a severe impairment at step two, Tr. 17, but did not mention SSR 12-2p anywhere in her opinion. The only mention of fibromyalgia in the opinion, apart from the step-two severity finding, is that a consultative examiner opined that "fibromyalgia should be strongly considered" as a source of Plaintiff's musculoskeletal problems. Tr. 22. The ALJ made no mention of the specific criteria required by SSR 12-2p to find fibromyalgia as a medically determinable impairment. Furthermore, in assessing Plaintiff's RFC, the ALJ repeatedly relied on the lack of objective findings, including in assigning "significant weight" to the opinions of the State agency physicians, and assigning "little weight" to the opinion of Plaintiff's treating physician. Tr. 24; *see also* Tr. 21-22 ("Other 2016-2017 treatment notes show complaints of pain and multi-site arthritis, but most treatment notes contain no positive findings on examination.") (internal citation omitted). Accordingly, without a clear understanding

of the basis for the ALJ's finding of fibromyalgia as a severe impairment, and without the benefit of an RFC analysis that complied with the specific guidance of SSR 12-2p, this Court is unable to say whether the ALJ supported her findings with substantial evidence.

Plaintiff's second argument relates to the Fourth Circuit's decisions in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), and *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). As relevant to this case, those decisions involved the insufficiency of an ALJ's analysis of moderate limitations in concentration, persistence, or pace, *Mascio*, 780 F.3d at 638, and the insufficient explanation of an RFC limitation to "no work requiring a production rate or demand pace," *Thomas*, 916 F.3d at 312.

Here, the ALJ found Plaintiff had moderate limitations in concentration, persistence, or pace, and limited Plaintiff to "a work environment free of fast-paced production requirements." Tr. 19, 20. The ALJ further explained that the RFC "limitations would result in reduced stress by limiting the pace of the work, changes and interactions." Tr. 24. The ALJ's explanation that the RFC limitations "would result in reduced stress" may have narrowly escaped an issue with *Mascio* and *Thomas* by fitting into an exception carved out in *Sizemore v. Berryhill*, 878 F.3d 72 (4th. Cir. 2017) (affirming ALJ analysis limiting claimant to "work only in [a] low stress [setting] defined as non-production jobs [without any] fast-paced work [and] with no public contact") (alterations in original). *See also Perry v. Berryhill*, 765 F. App'x 869, 872 n.1 (4th Cir. 2019) (unpublished).

Ultimately, because this case is being remanded on other grounds, the Court need not decide this issue. On remand, the ALJ will have the opportunity to determine if more explanation is needed as it relates to Plaintiff's limitations in concentration, persistence, or pace, and a limitation to "a work environment free of fast-paced production requirements."

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge